TOMASA CARRILLO VDA. DE QUIÑONES y CARLOS RAMÓN QUIÑONES, demandantes y apelados, *v.* JUAN R. y DIEGO ZALDUONDO VEVE, demandados y apelantes.

No. 6345.—*Sometido:* Mayo 29, 1933. *Resuelto:* Junio 2, 1933.

*R. García Cintrón,* abogado de los apelantes; *González Fagundo & González Jr.,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Los demandantes pidieron a la Corte de Distrito de Humacao que decretara la división material de tres fincas rústicas que poseen en común con los demandados. Su demanda está jurada. Los demandados contestaron negando generalmente los hechos alegados en la demanda y aduciendo como defensa especial que los demandantes les habían cedido en arrendamiento las fincas de que se trata conviniendo en que no se procedería a la división de las mismas hasta que terminara el contrato.

Fué el pleito a juicio. Presentaron los demandantes como prueba una certificación del Registro de la Propiedad de Humacao y varias escrituras públicas creditivas de que los condominios en las fincas a que se refiere la demanda les pertenecen, y estipularon con los demandados en corte abierta que el demandante Carlos Ramón Quiñones es un menor emancipado y que la cuantía del pleito excede de $500, con lo que dieron por terminada su prueba.

Los demandados presentaron una moción de *nonsuit.* Alegaron que el juramento de la demanda era nulo por haberlo prestado el abogado y no la parte, exponiendo por razón única que la parte residía fuera de la localidad y no podía de momento trasladarse a la misma, y que siendo ello así los demandantes venían obligados a probar y no probaron su alegación de requerimiento a los demandados para hacer la división y la negativa de éstos.

Antes de que la corte resolviera la moción, los demandantes le pidieron permiso—y la corte, con la oposición de los demandados, se lo concedió—para presentar prueba sobre el extremo indicado. Declaró entonces doña Tomasa Carrillo que era la madre del otro demandante, que conocía a los demandados condueños y que los había requerido para dividir las fincas a que se refiere la demanda y ellos se habían negado.

Los demandados no presentaron prueba y la corte dictó sentencia declarando la demanda con lugar. No conformes, apelaron para ante esta corte el 8 de febrero último. El 27 de abril siguiente los apelados pidieron la desestimación del recurso, por frívolo. Su moción fué declarada sin lugar por no haber colocado a esta corte en condiciones de resolverla. El 19 de mayo último solicitaron de nuevo la desestimación por igual motivo, acompañando copia certificada del "pliego de exposición del caso" preparado por los propios apelantes y que pende de aprobación en la corte de distrito.

▮ Aunque el pliego no ha sido aún aprobado, como fué preparado por los apelantes pueden los apelados valerse de él para solicitar la desestimación del recurso que implica la confirmación de la sentencia recurrida. No pueden quejarse los apelantes de que tomemos por base para juzgar su caso, la que ellos mismos prepararon. Tampoco es necesario esperar la actuación de la corte, porque lo que piden los apelados es la confirmación de su fallo. Y debe adoptarse este procedimiento porque si en verdad se trata de un recurso frívolo, interpuesto con el mero propósito de dilatar la ejecución de una sentencia justa, debe facilitarse en todo lo posible la actuación de los apelados para obtener su desestimación.

▮ Que la apelación es frívola, salta a la vista. La demanda es suficiente. Los hechos en ella alegados se probaron en el juicio. Sobre la única defensa alegada por los demandados no se presentó por éstos ni hubo prueba.

Ningún copropietario está obligado a permanecer en la comunidad. Cada uno de ellos podrá pedir en cualquier tiempo

que se divida la cosa común, prescribe el artículo 334 del Código Civil, ed. 1930.

Y aquí los demandantes ejercitaron ese derecho y lo hicieron adaptándose a las reglas que para la división fija el propio Código Civil. Esas reglas fueron seguidas en la sentencia que dictó la corte, que, en parte, es como sigue:

". . . decreta la división de las tres fincas que más adelante se describen y que son objeto de este litigio, en lotes que se adjudicarán a cada uno de los partícipes, debiendo adjudicársele a cada uno de ellos una porción de terreno en cada finca equivalente al número de cuerdas que a cada condueño coresponda en las referidas fincas, cuya división se practicará por tres árbitros, nombrados uno por cada parte y un tercero que será nombrado por la Corte; debiendo las partes, una vez firme esta sentencia, someter los nombres de los que deban ser nombrados, juntamente con el que ha de nombrar la Corte, de acuerdo con los términos de esta sentencia."

*La moción de desestimación debe ser declarada con lugar.*